The next case on the calendar is Parnoff v. Fireman's Fund Insurance Company. May it please the Court, I'm Lawrence Parnoff. I'm here representing myself, and I suggest to the Court that there are two simple reasons for my motion to vacate the sanctions award that was assessed. The first is that the reason for the disposition of the case itself, the dismissal, was based on incorrect facts. And the second, of course, is that questions of first impression for the Connecticut courts were raised by the issues that were presented. Initially, I should say that the Connecticut issues were not, there was no activity taken to have those issues certified through the federal procedure to the state court, or the appeal of the state court decision because there was no financial ability to do so from me or my client. But the bottom line is there is no possible way on earth that Mr. Tulesko's case and the preceding case have the same core issues, involve the same core issues. Any reading of Mr. Tulesko's complaint specifically states the breaches of contract are after the jury exonerated him from any fraud, all of which, by the way, all of the fraud and breach of contract were with the exception of one item that the defendant put in evidence, were agreed to have been performed by Mr. Tulesko. So whether or not he had any duty or obligation to bring an action himself when the named insurant had brought the action for all of the parties is a separate question. But the bottom line is the two-year statute in the policy for bringing claims for the lawsuit has absolutely no relevance to a breach of contract claim. The insurance contract includes implied covenant of good faith and fair dealing, and the breaches that are alleged are breaches that occurred after the jury exonerated Mr. Tulesko from any wrongdoing. And I suggest in that regard there's a six-year statute of limitations that applies. Now, there aren't generally any contract claims regarding CWIPA, Connecticut Unfair Insurance Act. Those claims generally always include a CUTPA claim under Connecticut's Unfair Trade Practices Act, and that's because it's a tort claim. That's because the claims that are generally brought, or all of the ones that I'm aware of, the CWIPA claims have been brought to collect on tort. Mr. Tulesko's complaint specifically alleges breach of contract. So the question really, and clearly there's a six-year statute to contracts. Whether or not the two-year statute in the policy for bringing actions deals with the claims under the policy. It does not deal with violations of Connecticut law, which the policy could not exempt the insured from being responsible for. So it's your argument that your client's claim was not barred by the compulsory counterclaim rule? The point that you're dealing with there, Judge, is the defendant makes a motion to dismiss, objects to a motion to reinstate, and then claims that there's no basis for the case at all. That could have been done in the superior court, and it could have been done at a cost of considerably less than $28,000. I believe the limit would have been something like a couple of hundred bucks. But this is typical forum shopping. To claim, to object to the case being remanded, claim that has no basis, and then ask for $28,000, and part of that is to pay for an objection or a motion to remand it back to the state court, I think is unconscionable. But yes, to answer your question, I don't... The issue doesn't deal with whether it's a compulsory counterclaim or not. I'm sorry, Judge, I can't hear you. The issue of forum shopping has nothing to do with whether or not it's a compulsory counterclaim or not. Why isn't it not a compulsory counterclaim? Oh, I understand that, and I apologize for that. That's a federal rule, okay? It's not... I don't believe it's a compulsory counterclaim because it didn't arise by its very terms in Mr. Telesco's complaint until after the jury verdict. And that's why I say to you, there was no basis for the dismissal. Why isn't there a breach under your client's view of the case once the denial of the claim is made? Isn't that the breach, the denial of his claim? He didn't make one. That's the point. That's what they're saying. He didn't do a compulsory counterclaim. He didn't make one. Not the denial of the fire damages claim. Correct. Judge, I don't contest that. I understand that in the state court, I understood that what would probably happen was the defendant would make a motion on paragraph A, I think, of subparagraph A of paragraph 13, where we alleged that the breach included the failure to pay premiums. I suggest to you, Your Honor, that we may not... I think they would have been successful. I could not contest the fact that the statute in the policy would have prevented damages for that one aspect. But I suggest also that it still could be a breach of contract. What the damages may be is a totally different question. And that would depend entirely on the language in the policy and the evidence that's presented. So we didn't make... Mr. Telesco didn't make a claim under the policy, which is what the court found and dismissed the case, which is what the defendant claims with its statement. I guess it's page two of the defendant's brief. The issues are entirely the same or the same issues. They're definitely not. The issues in Mrs. Pettengill's case was payment under the contract, under the insurance contract for the losses. That's not what Mr. Telesco brought. He specifically alleged all of his claims began after the jury exonerated him. Now, whether or not there's a statute of limitations that applies to that, certainly the two-year statute to collect for his loss under the policy applied to that. Whether or not the state fraudulent concealment statute would have been implied at some point, would have been brought into question at some point. Am I done? Thank you. May it please the court, my name is Rhonda Tobin. I represent the Eppley Fireman's Fund Insurance Company. Before I get into my argument, just to touch on the last points made by my adversary. On appendix page six is the complaint brought by Mr. Telesco in paragraph 13. Mr. Telesco specifically alleges a breach of contract for failing to pay his claim under the policy and for failing to aid and assist him in processing his claim, and again, in not paying his claim. So counsel is now trying to argue, despite the allegations that he brought on behalf of Mr. Telesco, that this is somehow different because plaintiff didn't bring a claim. The breach of contract allegation is for not paying his insurance claim. To get back to my argument, the question before this court is whether the district court abused its discretion in opposing Rule 11 sanctions. It's our position that the court correctly found that Attorney Parnoff violated Rule 11 in filing a motion to remand the case when federal jurisdiction was clear and there was no contest to federal jurisdiction. Also, the district court found that an identical, in fact, cut and pasted identically, motion to remand that Attorney Parnoff filed on behalf of Mrs. Pettengill, Mr. Telesco's wife, had been denied by the court in Mrs. Pettengill's case. Secondly, the court found... I don't believe that under the federal rules that defeats jurisdiction, Your Honor. The argument was twofold. One, that we do business in Connecticut and therefore we're subject to the jurisdiction of Connecticut courts, which we've never disputed. And two, that on occasion we have filed lawsuits in Connecticut. But there was no argument either that there was a lack of diversity or that the amount in controversy didn't exceed $75,000. I think there was an argument in one brief at one point, but on Appendix Page 6 in Mr. Telesco's complaint, Paragraph 9, he specifically alleges that the part of the personal property that was damaged, that was used by the plaintiff, was $790,000 and change. So there could be, and Judge Edgington recognized that provision of the contract and holding that there was clearly federal court diversity jurisdiction. With respect to the sanction for filing of the complaint, the court correctly recognized that Mr. Telesco was brought in by my client as a party to Mrs. Pettengill's action and to the extent he had complaints about the same exact claim for the same exact fire loss and for the same exact property that was being claimed by Mrs. Pettengill for that fire loss, that it was a compulsory counterclaim under Rule 13 and that he gave up that claim by not bringing it within that proceeding. Any argument that this is wholly different because the jury made certain findings is belied by the actual facts of the underlying complaint and the underlying action which this court affirmed the jury verdict in Mrs. Pettengill's case. The allegations are identical in this case in terms of what the plaintiff is seeking by way of damages. The court also, in addition to finding that it was a Rule 13 compulsory counterclaim, also noted the two-year suit limitation. With all due respect, my adversary is incorrect as to the statute of limitations issue. Connecticut courts are very clear that the two-year suit limitation is the applicable suit limitation. It does apply not only to a breach of contract claim but also to any claims for breach of the covenant of good faith and fair dealing, which is dependent on the existence of a contract. In this case, the suit was filed six years after the denial, so there's no question that the two-year suit limitation was violated. The court also found with respect to the CUIPA claim that was brought that it was identical to a CUIPA claim that the court had dismissed in Mrs. Pettengill's case because it was legally insufficient, and the same exact allegation was again brought by Mr. Telesco. Pretty much cut and pasted yes, Your Honor. Yes. Obviously, it was Mr. Telesco instead of Mrs. Pettengill, but the allegations were the same. And also the court found, the district court found that the CUIPA claim was barred by the three-year statute of limitations applicable to CUIPA. So obviously, this court, an abusive discretion standard is a highly deferential standard, and that is because the district court is more familiar with both the issues and the litigants and is better situated to marshal the facts. Judge Edmonton had the benefit of presiding over the trial in the Pettengill case as well as post-trial motions to reverse that verdict. He participated in this case in terms of denying the motion to remand, granting the motion to dismiss the complaint, and then the sanctions that followed. It's our position that Attorney Parnoff has not come forward to this court in pointing to any erroneous view of the law, any erroneous assessment of the evidence, or any suggestion that the decision was not within the range of permissible decisions, all of which meet the definition of abuse of discretion. Counsel concedes that he is the appropriate person to receive the sanction. He briefed that. He acknowledged that before Judge Edmonton, that to the extent the court, the district court was inclined to impose a sanction, it was rightly against him for having brought the underlying pleadings and the subsequent pleadings. And secondly, I note that the decisions from this court have noted that the standard is an objective unreasonableness standard. It's not based on the subjective beliefs of Attorney Parnoff. Attorney Parnoff put in his brief before this court that there was a failure of the district court to consider his mental state and his intent. The Second Circuit decisions are clear that the standard is an objective unreasonableness one and not one based on the subjective beliefs of the person making this statement. Finally, the district court found that the complaint and motion to remand were objectively unreasonable and that Rule 11's purpose to deter frivolous and harassing litigation would be served by imposing the sanctions, and the court found there was no colorable argument to justify the filing of the complaint or the filing of the motion to remand. It's our position, in addition, that this appeal itself is frivolous because there is no argument other than the ones that were presented to the court below for any colorable argument based on the facts or the law that a different outcome should be decided by this court. The district court decisively rejected the claims and there are no new legal or factual bases provided to this court for reversing that decision. Given the significant additional expense to my client from having to brief this appeal and prepare before this court, if this court agrees that the appeal itself is frivolous, Fireman's Fund would respectfully request its cost under Federal Rule of Appellate Procedure 38 for having to defend this appeal. Thank you. Counsel says there's no claims of law or facts to support this motion. Well, of course, if in fact the dismissal was improper because it claimed that the two cases were the same and there was no basis for the dismissal, then if this case had remained in the state court, it would have continued. Paragraph 13 that does say the contract was breached by not paying, that was subparagraph A. There's also B, C, and D of 13. And then we have the contractual claims in the second count that were brought. Paragraph, I guess on page 11 or 12 of the defendant's brief, it points out that it's nearly six years that the second case was brought. Not six, nearly six years. And that's important because that does establish a breach of contract claim. The CUTPA allegations deal solely with tort. If in fact the, and that would be an issue of first impression for the Connecticut Supreme Court, to determine whether or not you can have a tortious claim under CUTPA without having, I'm sorry, tortious claim under CUIPA without having a CUTPA claim. So far all of the claims that deal with CUIPA have brought a CUTPA claim and not a simple contract claim. And secondly, I think it's a case of first impression. The Supreme Court of Connecticut may very well have said, yes, where there's evidence of breach of Connecticut law. And by the way, the two-year statute in the contract, the insurance contract, doesn't exonerate the defendant from violations of Connecticut law. Regardless of whether or not it's free on the first count breach of contract claim itself. But it doesn't exonerate the insurance company for violations of the law. And the question is whether or not the Supreme Court of Connecticut would agree that a CUTPA claim, a CUIPA claim could be brought without CUTPA. Clearly CUTPA deals with a three-year statute of limitations from the date of the loss, the date of the occurrence. I understand that, but that's a separate issue. That doesn't deal with dismissing the entire complaint for a wrong reason, on a wrong basis. And the question of whether I acted reasonable or not deals with the question of whether or not an attorney in Connecticut under Connecticut practice and the Connecticut rules of court, I refer to rule 3.1 in my brief, were specifically allowed to bring an action for the purpose of testing precedent, getting the court to reverse itself or getting it to expand decisions. This particular case was directed specifically at that, and it's different than what the first case was. Thank you. Thank you both, and we will take the matter under advisement. That's the last case to be argued this morning, so I'll ask the clerk to adjourn.